IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| INDUSTRIAL DEVELOPERS OF OKLAHOMA, LLC,<br><br>                            **Plaintiff,**<br><br>v.<br><br>AEROVANTI AVIATION, LLC;<br>PATRICK BRITTON-HARR; and<br>BENJAMIN RICKETTS,<br><br>                            **Defendants.** | Case No. 23-CV-239-JFH-CDL |

### OPINION AND ORDER

Before the Court is an amended motion for default judgment ("Amended Motion") filed by Plaintiff Industrial Developers of Oklahoma, LLC ("IDO"). Dkt. No. 32. IDO requests the Court enter default judgment against Defendants AeroVanti Aviation, LLC ("AeroVanti"), Patrick Britton-Harr ("Britton-Harr"), and Benjamin Ricketts ("Ricketts") (collectively "Defendants"). *Id.* No defendant has an appearance or otherwise participated in the case. For the reasons stated, the Amended Motion is GRANTED.

### BACKGROUND

Because clerk's entry of default has been entered, the Court takes the factual allegations of the complaint and its exhibits as true. *See Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts") (internal quotation marks and citation omitted); *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006)[1] ("The defendant, by his

---

[1] Unpublished appellate opinions are not precedential but are cited for persuasive value. Fed. R. App. P. 32.1.

default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (internal quotation marks and citation omitted).  The Court also accepts as true the undisputed facts alleged in affidavits and exhibits attached to the Amended Motion.  *Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1137 (D. Colo. 2020).

AeroVanti offered private airplane travel advertised as "a seamless luxury private charter experience" through a membership-based "club."  Dkt. No. 2-2.  IDO, which is based in Oklahoma, learned of AeroVanti's services through other Oklahoma residents who had contracted with AeroVanti for flight services in Oklahoma.  Dkt. No. 32-2 at 1-2.  In April 2023, IDO's manager, Matthew Klimisch ("Klimisch"), spoke with Ricketts several times about IDO joining AeroVanti's membership program.  Dkt. No. 2 at 2.  IDO sought flight transportation services whereby AeroVanti would send aircraft to airports in Tulsa, Oklahoma or other Oklahoma locations to pick up IDO's members, transport them to various locations, and bring them back to airports in Oklahoma.  Dkt. No. 32-2 at 1.

During the contract negotiations, Ricketts urged fast action because a promotional opportunity was ending at the end of that month.  Dkt. No. 2 at 2.  Klimisch "explained that most of IDO's flights would be in the western part of the country and inquired about whether there would be an additional charge for flying west of the Mississippi River," and Ricketts represented that no additional charge would apply.  *Id.* at 2-3.  Ricketts also made representations about the number and type of aircraft AeroVanti had in its fleet.  *Id.* at 3.  IDO and AeroVanti entered a membership agreement on April 28, 2023, with Britton-Harr signing the agreement as "founder and CEO" of AeroVanti.  *Id.*  IDO paid AeroVanti $300,000 as a membership fee.  *Id.* at 4.

After the parties entered the agreement, Ricketts and Britton-Harr continued to negotiate with IDO (which was in Oklahoma) over the provision of transport services from Oklahoma to areas west of Texas and back to Oklahoma. Dkt. No. 32-2. However, when IDO attempted to book a flight from to Jackson Hole, Wyoming, it was informed by Ricketts that AeroVanti did not fly west of Texas. Dkt. No. 2 at 4. Ricketts' statement was not consistent with the membership agreement or AeroVanti's website. *Id.* IDO then attempted to schedule other flights but was unable to actually fly anywhere with AeroVanti. *Id.* at 5. After these difficulties, IDO demanded termination of the parties' membership agreement and return of its $300,000 membership fee, both of which AeroVanti refused. *Id.* This suit followed, where IDO sued AeroVanti for breach of contract and unjust enrichment and sued all three Defendants for fraud. *Id.* at 6-7.

On June 22, 2023, AeroVanti was served via mail. Dkt. No. 6. On September 19, 2023, Ricketts was served through personal delivery to a co-resident of his abode. Dkt. No. 19. After numerous unsuccessful attempts to serve Britton-Harr, IDO requested and the Court granted permission to serve him by publication. Dkt. No. 22; Dkt. No. 23. On November 28, 2023, IDO filed proof of service by publication on Britton-Harr. Dkt. No. 27; Dkt. No. 28. IDO has obtained clerk's entries of default against all three Defendants. Dkt. No. 12 (AeroVanti); Dkt. No. 25 (Ricketts); Dkt. No. 29 (Britton-Harr). The Court denied without prejudice IDO's initial default judgment motion for lack of sufficient jurisdictional facts and granted IDO leave to refile its motion with additional support. IDO timely filed this Amended Motion and its exhibits.

## AUTHORITY AND ANALYSIS

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Courts "do not favor default judgments because

3

the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). "However, a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure." *Id.*

### I. Jurisdiction

As an initial matter, the Court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties," as "[d]efects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). *See also Dennis Garberg & Assocs., Inc. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 771-72 (10th Cir. 1997) ("We have noted earlier that judgment by default should not be entered without a determination that the court has jurisdiction over the defendant.").

#### A. Subject Matter Jurisdiction

Under the doctrine of diversity jurisdiction, federal courts have subject matter jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, a limited liability company—such as IDO or AeroVanti—is treated as a partnership and is a citizen of every state in which any of its members is a citizen. *Mgmt. Nominees, Inc. v. Alderney Inv., LLC*, 913 F.3d 1321, 1324-25 (10th Cir. 2016) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)); *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015).

IDO has established diversity jurisdiction. The amount in controversy exceeds $75,000 because the contract at issue was for $300,000. Dkt. No. 2. IDO is a limited liability company

with members who are all residents of Oklahoma. *Id.* at 1; Dkt. No. 3 (corporate disclosure statement). Britton-Harr and Ricketts are both individuals residing in Florida. *Id.* at 2. AeroVanti is a defunct limited liability company with one member, which is a Delaware corporation with a principal place of business in Maryland. Dkt. No. 32 at 3; Dkt. No. 32-1. Since no party is a citizen of a state in which any other party is a citizen, complete diversity of parties exists.

### B. Personal Jurisdiction

"In diversity cases, federal courts have in personam jurisdiction as permitted by state law, consistent with the Fourteenth Amendment's due process requirement." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996). "If personal jurisdiction is evaluated by the district court based only on the complaint and affidavits, a prima facie showing of personal jurisdiction is sufficient." *Niemi v. Lasshofer*, 770 F.3d 1331, 1347 (10th Cir. 2014) (quotation omitted). Two kinds of personal jurisdiction exist: general jurisdiction and specific jurisdiction.

General jurisdiction applies in an individual's state of domicile. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Since no Defendant is a citizen of Oklahoma, there is no prima facie showing of general jurisdiction.

Specific jurisdiction has two requirements: "first, that the out-of-state defendant must have purposefully directed its activities at residents of the forum state, and second, that the plaintiff's injuries must arise out of defendant's forum-related activities." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (quotation omitted). The "purposeful direction" requirement is generally defined as an intentional action expressly aimed at the forum state with knowledge that the brunt of the injury would be felt in the forum state. *Id.* at 1239-40 (citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008)). Where business is conducted over the internet, "it is necessary to adapt the analysis of personal jurisdiction to this unique

circumstance by placing emphasis on the internet user or site *intentionally directing* his/her/its activity or operation at the forum state rather than just having the activity or operation accessible there." *Id.* at 1240 (emphasis in original). And in a contract case, the Court looks "at prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *AST Sports Sci., Inc. v. CLF Dist. Ltd.*, 514 F.3d 1054, 1058 (10th Cir. 2008) (quotation omitted).

Here, IDO's Amended Motion establishes that Defendants expressly aimed their actions at the forum state of Oklahoma when they negotiated with IDO, particularly given that IDO learned of Defendants through other Oklahoma customers of Defendants and that IDO repeatedly negotiated with Defendants about flights departing and returning to Oklahoma. The Court is satisfied that specific jurisdiction exists.

## II. Rule 55

Once the Court has confirmed its jurisdiction, Federal Rule of Civil Procedure 55 sets out a two-step process for a default judgment. First, if "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). IDO has obtained clerk's entry of default against each of the three Defendants. Dkt. No. 12 (AeroVanti); Dkt. No. 25 (Ricketts); Dkt. No. 29 (Britton-Harr).

Next, generally the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). The decision whether to enter a default judgment is within the Court's discretion, but there must be sufficient basis in the pleadings for the judgment entered. *Olcott*, 327 F.3d at 1124; *Bixler*, 596 F.3d at 762. This is generally interpreted to mean that the well-pled facts of the

complaint, if taken as true, must state a claim for relief. 10A Wright & Miller, Fed. Prac. & Proc. Civ. § 2682 (4th ed.).

IDO brings breach of contract and unjust enrichment claims against AeroVanti for failing to perform under the parties' agreement and retaining IDO's $300,000 membership fee. The agreement states that the $300,000 membership fee was pre-payment for 200 flight hours. However, IDO was never able to use any flight hours. This is sufficient to state a claim for relief under the breach of contract and unjust enrichment claims IDO pled.

IDO also brings a fraud claim against all three Defendants. The parties' agreement is governed by Florida law. Dkt. No. 2-1 at 2, 8. To establish fraud under Florida law, a plaintiff must demonstrate (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and, (4) consequent injury by the party acting in reliance on the representation. *Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985). IDO's complaint describes numerous negotiations during the contracting process where IDO inquired about the geographic range of AeroVanti's flights and was told by Ricketts that AeroVanti had multiple planes in its fleet. Klimisch specifically asked about flights west of the Mississippi River and was informed by Ricketts that no additional charge for flying west of the Mississippi applied to the level of membership that IDO purchased. AeroVanti's website stated that its aircraft were "available to take you wherever you may need to go cross the continental United States." Ricketts and Britton-Harr both sent informational materials to IDO to induce IDO to enter a business relationship, and these materials apparently did not have geographic limitations either. Nothing in the parties' agreement attached to the complaint limited flight geography within the United States. Nevertheless, when IDO attempted to book flights west of Texas through the membership it had purchased, it was injured by AeroVanti's

7

refusal to perform on the ground that the membership involved geographic limitations. This is sufficient to state a claim for fraud.

The facts established in IDO's complaint and Amended Motion, as well as the exhibits attached to each, state a claim for relief for each of the claims IDO pled. Regarding damages, "[a] court may enter a default judgment without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983). Here, IDO seeks judgment in the liquidated sum of $300,000—the amount of its membership fee. Default judgment in this principal amount is reasonable.

### III.   Interest and Fees

IDO also requests pre- and post-judgment interest at statutory rates, attorney fees, and costs. Dkt. No. 32 at 15. Pursuant to 28 U.S.C. § 636(b)(1), the Court will refer this matter to a United States Magistrate Judge for report and recommendation on the issues of interest and fees.

### CONCLUSION

IT IS THEREFORE ORDERED that the Amended Motion [Dkt. No. 32] is GRANTED. Default judgment in a principal amount of $300,000.00 shall be entered against Defendants jointly and severally.

IT IS FURTHER ORDERED that the Amended Motion is REFERRED to Magistrate Judge Christine D. Little for report and recommendation on interest and fees.

Dated this 7th day of May 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

8